UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROSE McCORMICK,                                              :

                 Plaintiff,                    :  **REPORT AND RECOMMENDATION**

         -against-                              :     07 Civ. 7893 (JSR)(KNF)

ALPHONSO R. JACKSON, SECRETARY OF     :
U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,                           :

              Defendant.                   :
-------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

      Plaintiff Rose McCormick ("McCormick"), proceeding pro se, commenced the instant

action against the secretary of the United States Department of Housing and Urban Development

("HUD"), Alphonso R. Jackson, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e, et seq. ("Title VII "). McCormick, who is Hispanic, maintains that HUD managerial and

non-managerial employees conspired to and did retaliate against her for filing a complaint with

HUD administrators through which she challenged, inter alia, biased, discriminatory and abusive

treatment she was experiencing at her workplace. Before the Court is a motion by the defendant

for an order dismissing the complaint, pursuant to Fed. R. Civ. P. 8, 12(b)(1) and 12(b)(6),

premised upon the length of the plaintiff's complaint, her attempt to enforce federal criminal

statutes through this civil action and the frivolous nature of the plaintiff's claim. McCormick

opposes the motion. It is addressed below.

*Complaint's Prolixity*

Fed. R. Civ. P. 8 sets forth the general rules of pleading that govern actions in federal courts. In its most pertinent part, the Rule informs that "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.' Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)(quoting 5C Wright & A. Miller, Fed. Practice & Procedure, Section 1281, at 365 [1969]).

In a circumstance where a complaint is not short and plain, a court has the power, either on its own initiative or on motion by a defendant, "to strike any portions that are redundant or immaterial, see Fed. R. Civ. P. 12(f), or to dismiss the complaint." Id., at 42.

In the case at bar, the statement of McCormick's Title VII claim is spread over approximately two reams of paper. Much of the complaint's text is repetitive and, as such, is unnecessary because it does not advance the defendant's understanding of the plaintiff's claim or facilitate his answering or otherwise responding to it.

The defendant contends the "961 pages[,] in three volumes," which comprise the complaint, make that pleading so violative of Fed. R Civ. P. 8's dictates that the complaint must be dismissed. However, the Second Circuit Court of Appeals has counseled against dismissing a complaint that fails to comply with the requirements of Fed. R. Civ. P. 8, except in certain limited circumstances. In that court's view, dismissal should be reserved "for those cases in which the

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42. The Court is mindful that the pleadings drafted by a pro se litigant, such as McCormick, are held to less stringent standards than those prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and are to be construed liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Notwithstanding the lenient eye with which a pro se litigant's pleadings must be viewed, the Court agrees with the defendant; the complaint suffers from prolixity and, as a consequence, fails to comply with Fed. R. Civ. P. 8's "short and plain statement" requirements.

However, the Court parts company with the defendant with respect to the remedy for the plaintiff's Fed R. Civ. P. 8 violation; dismissing the complaint is not necessary. The first five pages of the complaint are a preprinted form, which pro se litigants, in this judicial district, use frequently to commence employment discrimination actions. In those five pages, McCormick sets forth facts which are "neither vague nor incomprehensible," and asserts a retaliation claim, under Title VII, which the Court does not find insufficient on its face. Salahuddin, 861 F.2d at 43. Therefore, dismissing McCormick's complaint does not appear to be reasonable, because it can be truncated. The last sentence of paragraph eight, on page four of the preprinted complaint form, which incorporates by reference certain "summary report[s]," and the remaining pages of the pleading, that do not comprise the preprinted complaint form, except as noted below, can be struck. The April 12, 2007 final decision of the HUD Office of Departmental Equal Employment Opportunity, containing the notice to McCormick of her right to commence a civil action in an appropriate United States district court, should be retained as part of the complaint because, the

preprinted complaint form directs a plaintiff to affix to it a copy of any right-to-sue notice issued to the plaintiff by the United States Equal Employment Opportunity Commission. The preprinted complaint form, when read either separately or in combination with the April 12, 2007 writing, provides the defendant with that quantum of information he needs to answer the pleading and prepare for trial. This is all that Fed. R. Civ. P. 8 requires. See Salahuddin, 861 F.2d at 42.

*Enforcement of Penal Statutes*

"It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints." Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972). To refute this axiom, a party has to demonstrate that Congress specifically intended to create a private right of action under the criminal statute(s) at issue. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84, 122 S. Ct. 2268, 2275 (2002).

The defendant contends the plaintiff seeks to enforce various federal penal laws through the instant civil action, because she has included in her complaint a list of federal criminal statutes she maintains her former HUD colleagues violated. The defendant also contends that both the doctrine of sovereign immunity, and McCormick's lack of standing, as a private civil litigant, to sue for violations of federal criminal statutes, warrant the court in dismissing the complaint, pursuant to Fed. R. Civ. P. 12(b)(1).

In her response to the instant motion, McCormick concedes that, as a private civil litigant, she cannot enforce, through this action, the federal criminal statutes listed in her complaint. She maintains the defendant misapprehended her intent in listing those statutes in the complaint. McCormick explains that the citation to federal criminal statutes she alleges her former HUD

4

colleagues violated was, in essence, an invitation to the defendant's counsel, the United States

Attorney for the Southern District of New York, to fulfill his "responsibility and duty to prosecute

those offenders [her former HUD colleagues]" based upon three audio cassette discs McCormick

asserts she provided to the United States Attorney's Office previously.  According to McCormick,

those discs contain, among other things, evidence that the various federal criminal statutes to

which she made citation in the complaint, have been violated by her former HUD colleagues.

Since McCormick has now clarified that her intent in listing the criminal statutes in the complaint

was not to use that pleading improperly, as a vehicle to enforce federal penal laws, no basis exists

for granting that portion of the instant motion predicated on Fed. R. Civ. P. 12(b)(1).

*Frivolous Complaint*[1]

   28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) provide that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court
> shall dismiss the case at any time if the court determines that–
>    (B)  the action or appeal –
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted.

The federal in forma pauperis ("IFP") statute "allows an indigent litigant to commence a civil or

criminal action in federal court without paying the administrative costs of proceeding with the

lawsuit." Denton v. Hernandez, 504 U.S. 25, 27, 112 S. Ct. 1728, 1730 (1992).  A district court

_____

[1]The defendant's notice of motion indicates that he is relying upon Fed. R. Civ. P.
12(b)(6) in seeking the dismissal of the complaint on the ground of frivolity.  However, in the
memorandum of law that accompanies the notice of motion, the court is urged to dismiss the
complaint for frivolity based solely on 28 U.S.C. § 1915(e)(2), which permits the court to
reconsider the propriety of granting in forma pauperis status to a plaintiff and to terminate an
action that is either frivolous or that fails to state a claim upon which relief may be granted.
Inasmuch as there is no substantive analysis of Fed. R. Civ. P. 12(b)(6), as it relates to the issue
of frivolity, the Court has analyzed this branch of the defendant's motion in accordance with the
standard applicable to an application made under 28 U.S.C. § 1915(e)(2)(B).

5

has discretion to prevent abuse of the statute by dismissing the case if the poverty allegation is untrue or the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See id., at 27, 112 S. Ct. at 1730-31.  However, because of the nature of the IFP statute, the showing a plaintiff must make to establish that his complaint is not frivolous or malicious, and that it does not fail to state a claim on which relief may be granted, is not as exacting as the showing a plaintiff must make to survive a motion under Fed. R. Civ. P. 12(b)(6).  See Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989); Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990).  As noted above, the plaintiff commenced the action pro se; therefore, the allegations in her complaint must be interpreted liberally "to raise the strongest arguments that they suggest." Burgos, 14 F.3d at 790.

42 U.S.C. § 2000(e)-3, in its most pertinent part, provides the following:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000(e)-3(a).

"To establish a prima facie case for retaliation [under Title VII], a plaintiff must show that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the  employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action."  Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996).

McCormick alleges she filed a complaint with HUD administrators based upon biased, discriminatory and abusive treatment she experienced at her workplace.  McCormick alleges

6

further that a concerted effort of harassment ensued, which caused her to resign from her position

with HUD.  As noted earlier in this writing, the Court finds that the complaint satisfies the Fed. R.

Civ. P. 8 pleading requirements.  Furthermore, the complaint does not appear to the Court frivolous

on its face.  While the defendant maintains the complaint is incredible and composed of allegations

that are "fanciful," "fantastic" and "delusional," since no discovery has been pursued, and the

audio discs McCormick submitted to the United States Attorney's Office containing, inter alia, the

evidence she contends substantiates her allegations have not been examined, the Court is not

persuaded that it is reasonable and appropriate, at this juncture in the proceedings, to exercise the

discretion that 28 U.S.C. § 1915(e)(2)(B)(i) confers upon a court to dismiss a case on the ground of

factual frivolity.

## RECOMMENDATION

For the reasons set forth above, the defendant's motion for an order dismissing the

complaint, Docket Entry No. 6, should be denied and, consistent with the text above, the court

should strike repetitive and unessential portions of the plaintiff's complaint.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

the parties shall have (10) days from service of this Report to file written objections.  See also Fed.

R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of

Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl

Street, Room 1340, New York, New York, 10007, and to the chambers of the undersigned, 40

Centre Street, Room 540, New York, New York, 10007.  Any requests for an extension of time for

filing objections must be directed to Judge Rakoff.  FAILURE TO FILE OBJECTIONS WITHIN

TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE

APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension

Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d

Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson,

714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
     April 29, 2008

Respectfully submitted,

Kevin Nathaniel Fof

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Rose McCormick  
David Vincent Bober, Esq.

8